

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-82,551-01

### EX PARTE CESAR IVAN CHAVEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W08-64527-R(A) IN THE 265TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and automatically sentenced to life imprisonment without the possibility of parole in January 2010. The Fifth Court of Appeals affirmed the conviction. *Chavez v. State*, No. 05-10-00132-CR (Tex. App.–Dallas May 31, 2011).

Applicant contends, among other things, that his sentence of automatic life without parole violates the Eighth Amendment of the U.S. Constitution because he was a juvenile at the time of the

offense. *Miller v. Alabama*, 132 S.Ct. 2455 (2012). This Court has held that *Miller* applies retroactively in Texas. *Ex parte Maxwell*, 424 S.W.3d 66 (Tex. Crim. App. 2014).

Applicant was seventeen years old at the time of the offense. After being found guilty by a jury, he was automatically sentenced to life in prison without the possibility of parole under the law at the time. Tex. Penal Code §12.31(a)(2007).

Both the State and the trial court recommend granting a new punishment hearing. That recommendation is supported by the record. Applicant is entitled to relief on that issue.

Relief is granted. The sentence in Cause No. F-0864527-R in the 265th District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County for a new punishment hearing at which the fact finder shall determine whether Applicant's life sentence shall be with or without the possibility of parole. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues. All of Applicant's grounds attacking the conviction are denied based on the findings of the trial court and this Court's independent review of the record.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 3, 2016
Do Not Publish